Robertson, J.
delivered the opinion of the court.
We are of opinion that the house alleged in this case, to have been partially destroyed, is a dwelling house within the meaning of the statute under which the prosecution was had: and that the court committed no error in giving the instruction asked for by the Attorney for the Commonwealth, and in refusing that asked for by the prisoner.
But it is insisted that a new trial ought to have been granted because the destruction was not such as is contemplated by the statute; and numerous English decisions have been referred to for the purpose of showing that where the destruction is partial only, it must, to bi'ing the case within the statute, be made to appear that there was an intention to destroy totally. The language of the English statute is as follows, viz: “If any persons riotously and tumultuously assembled together to the disturbance of the public peace, shall unlawfully and with force demolish, pull down, or destroy, or begin to demolish, full down or destroy,” dec. And it has been held, under it, that to convict of beginning to destroy a house, an intention to destroy the house, and not a portion of it merely, must be shown: in other words that a destruction of the whole house must have been begum.
It is obvious that these decisions rest upon the peculiar wording of the English statute. If the same language were used in ours, it might well be said that, having *546 been adopted subsequently to these decisions, it ought . r , n , , , to be construed m conformity with them: that m copy-the English statute our legislature intended to take ^ ^qth the meaning affixed to it by the English courts.
But the language of our statute is very different. It is, “If any rioter, being free, full down, or destroy, vn whole, or m jpa/rt, any dwelling house, or assist therein, he shall be confined in the penitentiary not less than one, nor more than five years; and, though no such house be so injured, every rioter,” &c.
It seems to have been intended by this statute to put the partial destruction of a dwelling house on the same footing with its total destruction, as to the guilt and punishment of the rioters engaged in it; and the terms used appear to have been adopted with the express view of excluding the possibility of any such construction as that placed upon the English statute.
The only question remaining is, whether, in this case, any part of the house was pulled down or destroyed ? A window was broken into; and the front door was broken open, by splitting a panel and removing the bar with which it was fastened. The door was thus rendered useless, and destroyed as a door. This was a destruction of a part of the house, sufficient to bring the perpetrators within the purview of the statute passed to prevent rioters from injuring dwellings.
It can make no difference that the purpose of the rioters may have been to rob, rather than to destroy. If in the accomplishment of that purpose they destroyed any part of the house, their offence, under this statute, was as complete as if their original design had been to pull down or destroy the house.
The motion for a new trial was properly overruled; and the judgment must be affirmed.
•Judgment affirmed.